J-A08010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADOPTION OF: Z.K.S.I., U.Z.M.I., AND E.K.I., JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: B.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1114 WDA 2021 |

Appeal from the Decree Entered August 27, 2021
In the Court of Common Pleas of Cambria County Orphans' Court at
No(s):  No. 2020-720 IVT,
No. 2020-721 IVT, No. 2020-722 IVT

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

CONCURRING STATEMENT BY McCAFFERY, J.:          **FILED:  May 3, 2022**

While I agree that we are bound by ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and its progeny, I write to express my concern about the ramifications of this line of case law which results in quashal, or waiver, situations like the outcome of this case.  Counsel's inaction effectively amounted to an abandonment of Appellant at a crucial stage in appellate proceedings, wherein counsel: (1) did not request a correction in order to perfect the appeal; (2) did not respond to this Court's rule to show cause which pointed out the problem; and (3) did not address the issue in the appellate brief.  Due to counsel's inaction, Appellant has no legal recourse in a consequential life-altering decision, in which her parental rights to her three children are irrevocably terminated.

President Judge Emeritus Bender Joins this Concurring Statement.

Judge Lazarus Joins this Concurring Statement.